NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1343
_____

UNITED STATES OF AMERICA

v.

ERIK ANTHONY PETERSON,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 96-cr-00002-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
Date September 20, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: September 20, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

       Erik Anthony Peterson appeals the District Court's revocation of his supervised

release and judgment of sentence.  His counsel has moved to withdraw pursuant to

*Anders v. California*, 386 U.S. 738 (1967), and Peterson has not submitted a *pro se* brief.

Because the issues presented in this appeal lack legal merit, we will affirm the judgment of the District Court and grant counsel's motion.

I

Because we write for the parties, we provide only a brief recitation of the facts and procedural history.

In 1996, Peterson pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113. The District Court sentenced him to ten years in prison followed by three years of supervised release.

In 2008 and 2009, while still on supervised release, Peterson was charged with a congeries of new state crimes including theft by unlawful taking, robbery, possession of firearms, fleeing and eluding police, reckless endangerment, terroristic threats, simple and aggravated assault, unlawful use of a computer, possession of drugs with intent to deliver, and unlawful restraint/serious bodily injury. Several of these offenses were charged multiple times and in more than one county based on unrelated criminal episodes. For instance, in York County, Peterson attempted to use his handcuffs to strangle the constable who was driving him to a magistrate's office. The constable was able to escape the car, at which time Peterson drove it away. On at least five occasions in the span of a month, Peterson used a handgun to rob a store. During the robberies, he bound employees with duct tape and threatened to harm them. Since his arrest, Peterson has been convicted on most of the charges, and he will likely spend the rest of his life in state

2

prison.

Having apparently decided to ignore the terms of his release that prohibit the commission of any new crimes, much less the commission of a full-fledged crime spree, Peterson also failed to meet a number of technical requirements. Specifically, Peterson failed to report to his probation officer that he had been arrested and questioned by law enforcement, failed to file a monthly report with his probation officer, and failed to notify his probation officer that he changed residences.

The Court held a revocation hearing on January 27, 2011. Peterson admitted to the technical violations as well as the Grade A violations relating to the constable-strangling incident. As for the remaining charges, Peterson did not contest them because doing so might result in statements against penal interest that could be used against him in his state-court appeals.

The Probation Office determined that Peterson's violations of the terms of his release warranted a sentencing range under the United States Sentencing Guidelines (USSG) of 33–41 months (capped by a 36-month statutory maximum) to run consecutive to any sentences imposed by the state courts. Peterson agreed with this calculation but argued for leniency on two grounds: first, that the length of his state sentences (over 50 years) obviated the need for an additional federal sentence; and second, that any federal sentence would result in him having a detainer for the entirety of his state sentence, which would limit his access to rehabilitation programs.

The District Court considered Peterson's arguments but noted that appeals pending in the state courts could result in lower sentences. Ultimately the Court determined that "[g]iven the nature [of Peterson's] violations and history and characteristics of this offender . . . a sentence of 33 months is necessary to meet the applicable sentencing objectives which are to protect the public, accord adequate deterrence, and provide needed correctional treatment."

## II

We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82-83 & n.6 (1988). When counsel files a motion pursuant to *Anders*, we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Rule 109.2(a)]'s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, appointed counsel must file a motion to withdraw and support it with a brief that "(1) . . . satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain[s] why the issues are frivolous." *Id.* at 300. Counsel must "refer[] to anything in the record that might arguably support the appeal," *Anders*, 386 U.S. at 744, but "need not raise and reject every possible claim," *Youla*, 241 F.3d at 300. "[A]t a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.*

In this case, we are satisfied that Peterson's attorney has examined the record for

appealable issues and has explained why there are none of arguable merit.  There are only three issues that could potentially form the basis for an appeal: (1) the District Court's jurisdiction, (2) the sufficiency of the evidence supporting revocation of Peterson's supervised release, and (3) the reasonableness of the District Court's sentence.  Peterson's counsel rightly argues that a challenge to any of the three would be frivolous.

First, the District Court had jurisdiction over Peterson's trial and sentence for the bank robberies, 18 U.S.C. § 3231, and the imposition and revocation of his supervised release, 18 U.S.C. § 3583.  There was also more than enough evidence for the Court to find by a preponderance of the evidence, as required by § 3583(e), that Peterson had committed technical as well as Grade A and B violations.  Notably, Peterson had already been convicted on several charges, and he admitted them—or at least opted not to contest them—at his revocation hearing.  Finally, Peterson's sentence was procedurally and substantively reasonable.  The District Court followed the three-step process of *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and gave "rational and meaningful consideration [to] the factors enumerated in 18 U.S.C. § 3553(a)" as required by *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).[1]  Moreover, the Court's decision to impose its sentence consecutive to Peterson's state-court sentences is consistent with USSG § 7B1.3(f) and was thus within the Court's sound discretion.

---

[1] Section 3583(e) specifies which § 3553(a) factors a court must consider in the revocation of supervised release context.

5

## III

We conclude that counsel adequately fulfilled the requirements of *Anders*, and an independent review of the record reveals no nonfrivolous ground for appeal. We will therefore affirm the District Court's judgment of sentence and grant counsel's motion to withdraw. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. 3D CIR. L.A.R. 109.2(b).